THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

OREA ENERGY GROUP, LLC,          )
                                 )
            Plaintiff,           )
                                 )
v.                               )   No. 3:09-CV-041
                                 )
EAST TENNESSEE CONSULTANTS, INC., )
                                 )
            Defendant.           )

## MEMORANDUM OPINION

This diversity contract action is brought by plaintiff Orea Energy Group, LLC, a citizen of Georgia, against defendant East Tennessee Consultants, Inc., a citizen of Tennessee. Now before the court is defendant's motion to dismiss [doc. 5]. Defendant contends, pursuant to Federal Rule of Civil Procedure 12(b)(7), that this case should be dismissed in its entirety due to plaintiff's failure to join a required party, ENG Operating Corporation ("ENG"), another citizen of Tennessee. In the alternative, defendant seeks dismissal, pursuant to Rule 12(b)(6), of plaintiff's claims for negligent and fraudulent misrepresentation.

Also before the court is defendant's motion to amend its countercomplaint [doc. 21]. Defendant asks for leave to add ENG as an additional counterdefendant.

The motions have been fully briefed and are ripe for the court's consideration. For the reasons that follow, defendant's motion to amend will be granted. Because the addition of ENG as a counterdefendant renders defendant's joinder argument moot, that portion of the motion to dismiss will be denied. Plaintiff's misrepresentation claims will, however, be dismissed for failure to state a claim upon which relief can be granted.

I.

*Background*

On July 25, 2007, ENG, plaintiff, and defendant executed an agreement ("the Agreement") pertaining to a Scott County, Tennessee oil and gas lease owned by ENG. The Agreement set forth "conditions concerning the drilling of new oil and gas wells, completion of existing wells with oil and/or gas potential[, and] purchase of existing producing oil and gas wells, among other activities related to this mineral only property." The Agreement provides for plaintiff to drill two new wells per year, with the right to complete or "recomplete" existing wells. The actual work was to be performed by defendant: "Orea shall employ East Tennessee Consultants, Inc. as operator "<u>in fact</u>." <u>All activities</u> related to drilling, completion and operation of new wells shall be performed by ETC unless mutually agreed by Orea and ENG." [Emphasis in original].

On August 10, 2007, plaintiff and defendant executed a "Memorandum of Understading [sic]" ("the MOU"). The MOU "outline[d] the understanding and agreements"

2

between plaintiff and defendant concerning the drilling of six new wells and the "recompletion" of three existing wells in Scott, Morgan, and Fentress Counties.

Plaintiff filed its "Complaint for Declaratory Judgment and Damages" in this court on February 2, 2009. Plaintiff alleges breaches of the MOU and a related promissory note. The complaint also alleges conversion, negligent and/or fraudulent misrepresentation, violation of the Tennessee Consumer Protection Act, and the filing of wrongful and exaggerated liens. According to the complaint, plaintiff "is making no claims for damages against any party other than ETC."

On August 18, 2009, defendant filed its answer and counterclaim. In material part, the counterclaim alleges that plaintiff breached the Agreement by "wrongfully terminat[ing] ETC as 'operator in fact' of the oil and gas activities . . . ." The counterclaim further states,

> 5. As a signatory to the Agreement, ENG should be added to this Counter-Complaint as an additional and necessary party because in ENG's absence the Court cannot accord complete relief among the existing parties.
>
> . . .
>
> 36. ENG permitted the termination and replacement of ETC as "operator in fact" of the oil and gas activities on the Scott County Property.
>
> 37. The Agreement should be specifically enforced against Orea and ENG to allow ETC to resume its service as "operator in fact" of the oil and gas activities on the Scott County Property.

Three days after the filing of its counterclaim, and before plaintiff had filed a responsive pleading, defendant moved to amend the counterclaim by adding ENG as an

3

additional counterdefendant. Although required to do so by Local Rule 15.1, defendant did not attach to its motion a copy of the proposed amended pleading. However, subsequent briefing [doc. 23] suggests defendant's intention is to seek both injunctive and monetary relief against ENG pertaining to defendant's removal as "operator in fact."

II.

*Analysis*

A. <u>ENG</u>

The court agrees with defendant's contention that it is entitled to amend the counterclaim by adding ENG as a counterdefendant. The motion to amend will accordingly be granted, and defendant shall file its amended counterclaim no later than October 19, 2009.

The addition of ENG as a nondiverse counterdefendant does not destroy the court's 28 U.S.C. § 1332 subject matter jurisdiction. Plaintiff's complaint satisfies the citizenship and amount in controversy requirements of § 1332(a)(1), giving the court subject matter jurisdiction at the inception of this case. The complaint and the proposed amended counterclaim both arise from defendant's performance under the Agreement and/or the related MOU. The court thus finds that the proposed amended counterclaim is "so related to claims in the action . . . that [it] form[s] part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

The court therefore has supplemental jurisdiction over the proposed amended counterclaim pursuant to § 1367(a). The supplemental jurisdiction granted by that statute

4

extends to "claims that involve the joinder or intervention of additional parties." *See id.* The limitation on supplemental jurisdiction found in § 1367(b) pertaining to diversity cases is inapplicable to the present civil action, as that section applies only to *plaintiffs'* attempts to add nondiverse parties. *See* 28 U.S.C. § 1367(b); *Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 572-73 (6th Cir. 2004).

Because defendant has now brought ENG into this lawsuit, its argument that the case should be dismissed due to *plaintiff's* failure to join ENG becomes moot. That portion of defendant's motion to dismiss will accordingly be denied.

B. Misrepresentation

Count three of the complaint alleges state law claims of negligent and/or fraudulent misrepresentation. Defendant moves for dismissal of count three for failure to state a claim upon which relief can be granted. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, quotations, and internal modifications omitted).

The elements of a cause of action for fraudulent misrepresentation under Tennessee law are,

> 1) the defendant made a representation of an existing or past fact; 2) the representation was false when made; 3) the representation was in regard to a

5

material fact; 4) the false representation was made either knowingly or without belief in its truth or recklessly; 5) plaintiff reasonably relied on the misrepresented material fact; and 6) plaintiff suffered damage as a result of the misrepresentation.

*Metro. Gov't of Nashville & Davidson County v. McKinney*, 852 S.W.2d 233, 237 (Tenn. Ct. App. 1992) (citations omitted). The elements of a cause of action for negligent misrepresentation are the same, with the exception that the defendant's required mental state is instead "fail[ure] to exercise reasonable care or competence in obtaining or communicating the information." *McElroy v. Boise Cascade Corp.*, 632 S.W.2d 127, 130 (Tenn. Ct. App. 1982) (citations omitted). The material misrepresentation must pertain to a past or current fact. *Id.* "Thus, statements of opinion or intention are not actionable." *Id.*

Having carefully reviewed the complaint and plaintiff's dispositive motion response, the court concludes that plaintiff has not stated a claim for either of the misrepresentation torts. Specifically, the complaint does not allege the representation of an existing or past fact upon which plaintiff reasonably relied.

Plaintiff cites two alleged misrepresentations in its responsive brief. First, plaintiff references the complaint's allegation that defendant generated fraudulent invoices. However, the complaint does not allege that plaintiff relied on those purported misrepresentations.

Next, plaintiff's response brief argues that defendant generated monthly production reports with "incorrect" numbers, and that plaintiff "reasonably relied upon the representations to make business decisions concerning ongoing and future drilling

6

operations." However, these allegations are nowhere to be found in the complaint. They are present only in plaintiff's briefing, and "[i]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss . . . ." *Roulhac v. Sw. Reg'l Transit Auth.*, No. 1:07cv408, 2008 WL 920354, at *4 (S.D. Ohio Mar. 31, 2008) (citing *Chambliss v. Coca-Cola Bottling Corp.*, 274 F. Supp. 401, 409 (E.D. Tenn. 1967)). The allegations contained only in plaintiff's briefing thus do not address defendant's Rule 12(b)(6) argument that *the complaint* fails to state a claim upon which relief can be granted.

Lastly, two other purported misrepresentations can be found in count three of the complaint. Paragraph 34 mentions defendant's "representations and assurances regarding the services ETC would provide under the MOU," and paragraph 35 contends that defendant "agreed to permit two wells in Orea's name" but never actually did so. Neither of these allegations are of benefit to plaintiff in opposition to the instant motion, because they refer only to future intentions. *See McElroy*, 632 S.W.2d at 130 ("The misrepresentation must consist of a statement of a material past or present fact[, and] . . . statements of opinion or intention are not actionable.").

In sum, plaintiff's complaint does not allege the representation of an existing or past fact upon which it reasonably relied. The complaint thus fails to state a claim for fraudulent or negligent misrepresentation under Tennessee law. Count three of the complaint will accordingly be dismissed.

An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge